# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC,<br><br>Plaintiff,<br><br>v.<br><br>TCT MOBILE (US), INC.; TCT MOBILE (US) HOLDINGS, INC.; HUIZHOU TCL MOBILE COMMUNICATION CO. LTD.; and TCL COMMUNICATION, INC.,<br><br>Defendants. | C.A. No.: 20-cv-552-CFC-CJB<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S JUNE 18, 2021 DISCOVERY DISPUTE LETTER

Dated: June 18, 2021

Edward J. DeFranco (admitted *pro hac vice*)
Brian P. Biddinger (admitted *pro hac vice*)
Joseph Milowic (admitted *pro hac vice*)
Cary E. Adickman (admitted *pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel. (212) 849-7000
Fax (212) 849-7100
eddefranco@quinnemanuel.com
brianbiddinger@quinnemanuel.com
josephmilowic@quinnemanuel.com
caryadickman@quinnemanuel.com

Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
Tel. (302) 777-0300
Fax (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Kevin P.B. Johnson (admitted *pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel. (650) 801-5000
Fax (650) 801-5100
kevinjohnson@quinnemanuel.com

*Attorneys for Plaintiff Fundamental Innovation Systems International LLC*

Dear Magistrate Judge Burke:

Plaintiff Fundamental Innovation Systems International LLC ("Fundamental") respectfully requests an order (1) compelling Defendants "TCL" to respond to Fundamental's Interrogatory Nos. 1-4 with information for *all* mobile phones, tablets, and charging adapters that TCL has sold in the U.S. since December 2015 that are identified in Fundamental's complaint and infringement contentions or that are reasonably similar to those products; and (2) permitting Fundamental to supplement its infringement contentions to add recently released TCL products.

**I. The Court Should Compel TCL To Provide Discovery On All Of The Accused Products.**
On September 25, 2020, Fundamental served Interrogatory Nos. 1-4 asking TCL to identify all of its mobile devices and charging adapters by internal and external designations, the hardware and software those products use for battery charging, the charging adapter sold with each mobile device, and sales and other financial information. Ex. 1 (FISI's First Set of Interrogatories). These interrogatories used the defined term "Accused Products," which consists of "TCL Mobile Devices" and "TCL Adapters"; these terms are further defined to include all mobile devices and USB charging adapters TCL has made, used, sold, offered for sale, and/or imported into the United States since April 2014, "including **but not limited to**" the products identified in Fundamental's Amended Complaint or infringement contentions. *Id.* at 5–6.

Fundamental's contentions list 83 exemplary infringing devices and USB charging adapters, and "any other similar past, present, or future products, as well as . . . other products with the same or substantially similar features." Ex. 2 (FISI's Contentions) Sec. I.B. Within the identification of products, Fundamental also included "any other devices that include functionality that is substantially similar to that described" in the respective claim charts. *Id.*

***TCL's Discovery Responses Have Been Incomplete.*** Over the past seven months, Fundamental has been unable to obtain complete information from TCL concerning its accused products. TCL's initial response to Interrogatory No. 1 only addressed 20 products. Ex. 3 (10/27/2020 TCL Responses). TCL later supplemented its response to incorporate a spreadsheet of sales data (Ex. 4, 2/19/2021 TCL Response), but that spreadsheet was missing information for nearly 30 of the products identified in Fundamental's infringement contentions. Ex. 5 (TCL-FISI-00009235). When Fundamental complained of these deficiencies, Ex. 6 (1/21/2021 Biddinger Ltr.) at 2, TCL initially represented that the products with missing information were either not sold by TCL or not sold in the U.S. Ex. 7 (2/11/2021 Benson Ltr.) at 1. After Fundamental pointed TCL to public information showing that the products were, in fact, sold by TCL in the U.S. (Ex. 8 (3/31/2021 Biddinger Ltr.) at 2), TCL provided a new spreadsheet on the night before the parties' mediation. Ex. 9 (4/14/2021 Benson email). Following the mediation, however, TCL produced yet another new spreadsheet that included an additional ▇▇▇▇ **units and more than** ▇▇▇▇ in revenue between 2016 and 2020. *Compare* Ex. 10 (TCL-FISI-00011361) (May sales data) *with* Ex. 11 (TCL-FISI-00010226 (April data).

Based on continuing discrepancies between the data produced by TCL to date and public information about TCL's sales, Fundamental believes TCL still has not provided discovery about all accused products. Despite requests to do so by Fundamental, however, TCL has refused to indicate whether it is withholding discovery about any mobile devices or charging adapters sold during the relevant time period. Instead, TCL simply asserts that it has no obligation to provide

discovery beyond the products specifically identified in Fundamental's complaint and contentions. Ex. 12 at 4 (5/17/2021 Benson email to FISI).

***The* Invensas *Framework Supports Compelling Discovery About TCL's Other Products.*** TCL's refusal to provide discovery beyond the specifically identified products in Fundamental's contentions is contrary to this District's precedent. In *Invensas Corp. v. Renesas Electronics Corp.*, the Court identified three factors for assessing a defendants obligation to provide discovery for un-named products: (1) "the specificity with which the plaintiff has articulated how the unaccused products are relevant to its existing claims of infringement (and how they are thus 'reasonably similar' to the accused products at issue in those claims); (2) whether the plaintiff had the ability to identify such products via publicly available information prior to the request and (3) the nature of the burden on defendant(s) to produce the type of discovery sought." 287 F.R.D. 273, 282 (D. Del. 2012) (Hon. Burke).

*Invensas* Factor 1: <u>The accused products include all TCL's mobile devices that use USB for charging, and all USB charging adapters.</u> Fundamental has specifically accused "all TCL phones and tablets with USB battery charging capability and USB adapters for providing power to devices via a USB port." Ex. 12 at 2–3 (6/1/2021 Adickman email to TCL). Fundamental's contentions explain in detail how all of the accused products infringe in a similar manner. For example, Fundamental contends that each mobile device includes a "USB communication path" and a USB-C or Micro-USB connector (Ex. 13 (FISI's Contentions Ex. E) at 101–82), and is able to draw greater than 500 mA of current from a charging adapter. Ex. 13 (FISI's Contentions Ex. E) at 248–74. Fundamental also contends that the accused USB charging adapters are capable of providing over 500 mA of current. Ex. 14 (FISI's Contentions Ex. C) at 5–12. Fundamental's contentions thus cover any TCL mobile device that uses USB for battery charging and any TCL USB charging adapter.

*Invensas* Factors 2 and 3: <u>Fundamental does not know the full scope of TCL's infringement, and TCL has not demonstrated that any burden on it to even identify all of its products would be undue.</u> Fundamental exhaustively searched public information to identify the over 80 specific products in its contentions. Without complete discovery from TCL, however, Fundamental has been unable to determine whether there are additional products within the scope of Fundamental's contentions, or whether Fundamental has good cause to seek to amend its contentions.[1] For example, TCL's

---

[1] Fundamental recognizes that Judge Connolly's Scheduling Order requires good cause to amend contentions (D.I. 18 ¶ 7). The Scheduling Order, however, does not impose a limitation on Fundamental's ability to obtain discovery of additional products. Indeed, other districts with similar rules permit discovery into reasonably similar products as those named in the plaintiff's contentions. *E.g.*, *ROY-G-BIV v. ABB*, No. 11-cv-622, 2014 WL 12465424, at *1 (E.D. Tex. Feb. 25, 2014) ("discovery is not necessarily limited to the products explicitly identified in a plaintiff's infringement contentions"); *Monolithic Power Sys. v. Silergy*, No. 14-cv-01745, 2015 WL 5897719, at *3 (N.D. Cal. Oct. 9, 2015) ("[C]ourts in this district have found that discovery of unaccused products is permissible" under certain circumstances); *Advanced Micro Devices, Inc. v. Samsung Elecs. Co.*, 2009 WL 1834147, at *3 (N.D. Cal. 2009) ("The Court agrees with AMD that its failure to specifically accuse the processor products is not dispositive as Samsung had notice that AMD accused what is purportedly the same process in a different product.").

documents indicate that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *E.g.*, Ex. 10 (TCL-FISI-00011361); Ex. 16 (TCL-FISI-00011360) (spreadsheet produced by TCL in response to Interrogatory No. 1); Ex. 17 (TCL 5/21/2021 supplemental responses). TCL should not be permitted to withhold discovery of a device that differs only in name. Such products indisputably fall within the scope of Fundamental's existing contentions. At a minimum, TCL should provide discovery concerning all products so that Fundamental can determine whether it has good cause to add the products to its contentions. *See Invensas*, 287 F.R.D. at 286 ("[D]iscovery into certain unaccused products can be warranted, particularly . . . where Defendant is in a far better position that Plaintiff to know of and gain access to those products."); *see also Mobile Telecomms. Tech., LLC v. Juniper Networks, Inc.*, C.A. No. 16-cv-0698-LPS-CJB (D. Del. Mar. 29, 2017) (compelling identification of products that practiced certain Wi-Fi standards, including some not named in contentions); *Intellectual Ventures I v. Nextel Operations, Inc.*, No. 13-1634-LPS (D. Del. No. 244, 2014) (Stark, C.J.) (defendants' "discovery obligation [does not] begin[] and end[]" with named products). Indeed, not only has TCL failed to confirm or deny the existence of additional products, it also has not attempted to show that such products could have been identified by Fundamental through publicly available information. As noted above, even TCL has struggled to know whether its own products are TCL products sold in the U.S.

## II. Good Cause Exists To Allow Fundamental To Add Later-Released Products.

The Scheduling Order allows Fundamental to amend its infringement contentions "by order of the Court upon a timely showing of good cause." (D.I. 18 ¶ 7.) Exhibit 18 is a list of TCL devices that were released by TCL at the time of or after Fundamental served its infringement contentions. Fundamental contends that these products infringe in a similar manner as the existing products in its contentions, and asserts that there is good cause to add them to the case because Fundamental did not have information about that at the time its served its contentions.

TCL has refused to agree to the addition of these products, citing a "substantial additional burden" and contending that the October 2020 service of Fundamental's contentions is a "reasonable cut-off point" for adding products to the case. Ex. 12 at 1–2 (6/2/2021 Benson email to FISI). Fact discovery does not end, however, until December 2021, and trial is not set until October *2022*. (D.I. 18.) It would be unfair and inefficient to require Fundamental to bring another lawsuit to assert infringement by these additional products. Indeed, courts in districts with patent rules imposing similar requirements routinely permit plaintiffs to amend to add products released after service of initial contentions. *E.g., GREE, Inc. v. Supercell Oy*, C.A. No. 19-00310-JRG-RSP, 2020 WL 7396506, at *2 (E.D. Tex. Dec. 17, 2020) ("The Court has routinely held that a patentee has good cause to amend its infringement contentions to include newly accused products that the defendant introduced to the market after the plaintiff served its initial infringement contentions.") (citing cases); *see also Apple Inc. v. Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012). Fundamental respectfully requests leave to supplement its contentions to add the products in Exhibit 18.

                                        Respectfully submitted,

                                        /s/ Brian E. Farnan

                                        Brian E. Farnan

cc: Counsel of Record (Via E-Mail)